UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | : | |
|---|---|---|
| TATU WADESISI, | : | CASE NO. 1-:22-CV-422 |
| | : | |
| Plaintiff, | : | OPINION & ORDER |
| | : | [Resolving Doc. 44 & 45] |
| v. | : | |
| | : | |
| CATHOLIC DIOCESE OF CLEVELAND, et al., | : | |
| | : | |
| Defendants. | : | |

JAMES S. GWIN, UNITED STATES DISTRICT COURT JUDGE:

On August 26, 2022, Plaintiff Tatu Wadesisi filed a motion to supplement her expert witness disclosures four days after her deadline for expert disclosures had passed. Defendants Cleveland Central Catholic High School, the Cleveland Catholic Diocese, and individual Defendants Begin, Koka, Schill, and Caroli Shao together filed a motion to strike Plaintiff's motion to supplement her expert witnesses.

For the following reasons, the Court **GRANTS** Plaintiff Wadesisi's motion to supplement her expert disclosure list and **DENIES** Defendants' motion to strike her supplement. The Court further **ORDERS** that the deadline for Defendants to file their expert disclosure list be moved back four days, from September 5, 2022 to September 9, 2022.

I.  Background[1]

Plaintiff Tatu Wadesisi alleges that Brandon MacDowell, a maintenance worker at her Catholic church, sexually abused her while she was a minor under his supervision.[2] She also

---

[1] The Court discusses the factual background of this case only as necessary to resolve the instant motion. At this early stage of litigation, the Court merely summarizes the facts alleged in Plaintiff's Amended Complaint. Nothing in this background section should be construed as the Court's findings of fact.
[2] Doc. 15 at PageID#: 191

Case No.
GWIN, J.

alleges that multiple adults within the Cleveland Catholic Diocese and at her high school knew about her sexual encounters with MacDowell and failed to protect her.[3]

On March 16, 2022, Plaintiff filed an initial complaint.[4] On June 17, 2022, she amended her complaint.[5] She now brings claims against Defendant MacDowell for sexual battery of a minor and intentional infliction of emotional distress.[6] She also raises claims for breach of fiduciary duty, negligence, negligent retention, and gross negligence against the Cleveland Catholic Diocese and Defendants Koka, Caroli Shao, Schill, and Begin, who are all members of the Catholic clergy.[7] Lastly, she sues Cleveland Central Catholic High School for Title IX violations.[8]

On July 13, 2022, this Court ordered Plaintiff Wadesisi to identify her expert witnesses by August 22, 2022.[9] The Court gave Defendants until September 5, 2022, to file their expert disclosures.[10] Plaintiff timely filed a disclosure listing two expert witnesses.[11]

Four days later, on August 26, 2022, Plaintiff filed a motion for leave to supplement her disclosure and add a third expert witness, Jonathan Tatum, the Executive Director of a child advocacy center. Her motion states that she was unable to name Tatum as a witness before the discovery deadline because his organization's Board of Directors first needed to approve him to testify and "approval took longer than anticipated."[12]

---

[3] *See e.g.*, *id*. at PageID#: 186–187.
[4] Doc. 1.
[5] Doc. 15.
[6] *Id*.
[7] *Id*.
[8] *Id*. at PageID#: 184.
[9] Doc. 33.
[10] *Id*.
[11] Doc. 43.
[12] Doc. 44 at PageID #: 437.

Case No.
GWIN, J.

On August 30, 2022, Defendants Cleveland Central Catholic High School, the Cleveland Catholic Diocese, and individual Defendants Begin, Koka, Schill, and Caroli Shao filed a motion to strike Plaintiff's motion to supplement her expert witnesses.[13] They argue that Plaintiff's late disclosure was unjustified and that permitting her to add a witness after the deadline prejudices Defendants' efforts to secure rebuttal experts before their own September 5, 2022 disclosure deadline.[14]

## II. Legal Standard

"It is well established that the scope of discovery is within the sound discretion of the trial court."[15] Fed. R. Civ. P. 37 "authorizes the court to impose sanctions if a party fails to make a disclosure by a required date."[16] In particular, a party's failure to disclose an expert witness may bar the party from introducing the expert unless the failure was "substantially justified or is harmless."[17]

## III. Analysis

The parties agree that Plaintiff did not disclose Tatum as an expert until after the August 22, 2022 deadline for Plaintiff's expert witness disclosures. "Thus, the only relevant

---

[13] Doc. 45.
[14] *Id.* at PageID#: 443.
[15] *Lavado v. Keohane*, 992 F.2d 601, 604 (6th Cir. 1993).
[16] *Design Basics, LLC v. Petros Homes, Inc.*, 2017 WL 912114, at *1 (N.D. Ohio Mar. 7, 2017).
[17] Fed. R. Civ. P. 37(c)(1).

Case No.
GWIN, J.

inquiry is whether Rule 37(c)(1) mandates Mr. [Tatum's] exclusion or if plaintiff['s] late disclosure was substantially justified or harmless."[18]

Plaintiff's delay was substantially justified. Plaintiff had no way of knowing whether Tatum's employer would consent. More important, the four-day delay seems harmless. The court can grant the extension motion so long as the delay in disclosure is harmless.[19]

Here, the deadline for discovery is set for January 23, 2023—several months from now.[20] Likewise, trial is not set to start until February 6, 2023.[21] The addition of an expert witness four days after the original identification deadline will not prejudice Defendants either during discovery or at trial. And while Defendants claim that Plaintiff's motion leaves them with fewer than 7 days before their own expert identification deadline, this calculation is not complete. Defendants calculate these 7 days based on their August 30, 2022 motion to strike. But Plaintiff filed her motion to supplement on August 26, 2022. Defendants thus had notice of her additional witness 10 days ahead of their deadline.

---

[18] *Piskura v. Taser Int'l*, 2012 WL 1267990, at *4 (S.D. Ohio Apr. 13, 2012).
[19] *Design Basics*, 2017 WL 912114, at *2–3 (denying plaintiff's motion to strike defendant's expert because defendant's delay in producing expert report delay was harmless.)
[20] Doc. 32.
[21] Id.

Case No.
GWIN, J.

The Court will eliminate any prejudice that the loss of four days' notice may inflict on Defendants by extending by four days Defendants' expert identification deadline.

### IV. Conclusion

Thus, the Court **GRANTS** Plaintiff's motion to supplement her expert witness disclosure, **DENIES** Defendants' motion to strike Plaintiff's motion, and **ORDERS** that Defendants now submit their expert witness disclosures no later than September 9, 2022.

IT IS SO ORDERED.

Dated: September 2, 2022          s/ James S. Gwin
                                                   JAMES S. GWIN
                                                   UNITED STATES DISTRICT JUDGE