UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | : | |
|---|---|---|
| TATU WADESISI, | : | CASE NO. 1-:22-CV-422 |
| | : | |
| Plaintiff, | : | OPINION & ORDER |
| | : | [Resolving Doc. 20] |
| v. | : | |
| | : | |
| CATHOLIC DIOCESE OF | : | |
| CLEVELAND, et al., | : | |
| | : | |
| Defendants. | : | |

JAMES S. GWIN, UNITED STATES DISTRICT COURT JUDGE:

In this action against multiple defendants with ties to the Cleveland Catholic Diocese, Plaintiff Tatu Wadesisi alleges that a maintenance worker at her Catholic church sexually abused her while she was a minor. Relevant to this motion, Wadesisi also says that two members of the Catholic clergy made inappropriate comments about her appearance and desirability while she was a minor.

As part of this case, Plaintiff Wadesisi sues Defendant Suzanne Schill, the estate fiduciary of now-deceased Deacon William E. Schill.

Defendant Schill now moves to dismiss under Fed. R. Civ. P. 12(b)(2) and 12(b)(6) on the grounds that William Schill's estate is closed and that, as a matter of law, Plaintiff cannot to state a claim against the estate.

For the following reasons, the Court **GRANTS** Defendant Schill's motion to dismiss.

Case No.
GWIN, J.

I. Background[1]

At age 14, Plaintiff Tatu Wadesisi became a server for her congregation at St. Colman's Church.[2] St. Colman's is a member-church of the Cleveland Diocese.[3] Shortly after Wadesisi began as a St. Colman's server, St. Colman's hired Defendant Brandon MacDowell as a maintenance worker.[4]

Defendant Robert Begin, a priest at St. Colman's, gave maintenance worker MacDowell supervision over Wadesisi whenever she came to the church to prepare for Mass.[5] MacDowell and Wadesisi spent large amounts of time together. Years after Plaintiff Wadesisi began working at the church, MacDowell began a sexual relationship with Wadesisi when she was 17.[6]

As to the claim against decedent Schill, Plaintiff alleges that in Spring 2017, and before MacDowell began having sex with Wadesisi, MacDowell told Wadesisi that Deacon William Schill had made comments about Plaintiff being a "looker."[7] At some point after MacDowell told Wadesisi about William Schill's comments, William Schill died. His death certificate was filed with the Lorain County Probate Court on July 21, 2021.[8] Plaintiff's Amended Complaint does not specifically allege William Schill's death date.[9]

---

[1] The Court discusses the factual background of this case only as necessary to resolve the instant motion. The Court takes as true all well-pleaded factual allegations when deciding a Rule 12(b)(6) motion to dismiss, and nothing in this factual background section should be construed as the Court's findings of fact.
[2] Doc. 15 at ¶¶ 21–22.
[3] *Id.* at ¶ 19.
[4] *Id.* at ¶ 23.
[5] *Id.* at ¶¶ 24–26.
[6] *Id.* at ¶¶ 37–52.
[7] *Id.* at ¶36.
[8] "COPY OF DEATH CERTIFICATE," Estate of William E. Schill, Lorain P.C. No. 2021ES00773 (July 21, 2021). The Court takes judicial notice of Schill's death certificate on the Lorain County Probate Court's docket. *See Lynch v. Leis*, 382 F.3d 642, 647 n.5 (6th Cir. 2004) (taking judicial notice of municipal court records).
[9] *Id.*

Case No.
GWIN, J.

On March 16, 2022, Wadesisi brought claims for breach of fiduciary duty, negligence, and gross negligence against the Cleveland Catholic Diocese for not safeguarding her.[10] On June 17, 2022, she amended her complaint but did not substantively alter the claims relevant here.[11]

Wadesisi apparently sues the Schill estate because William Schill commented to MacDowell that Plaintiff Wadesisi was attractive.[12] Plaintiff Wadesisi does not allege that William Schill otherwise inappropriately engaged with Wadesisi.[13]

On June 28, 2022, Defendant Schill moved to dismiss for failure to state a claim.[14] Schill contends that Plaintiff has "incorrectly named [her] as the Fiduciary of the Estate of Deacon William E. Schill" and that she cannot be sued because William Schill's estate is closed.[15] Plaintiff did not file an opposition to Defendant Schill's motion.

## II. Legal Standard

When considering a motion to dismiss for failure to state a claim, the Court construes the complaint in the light most favorable to the nonmoving party, accepting its allegations as true, and drawing all reasonable inferences in favor of finding the complaint sufficient.[16] To survive a motion to dismiss, the complaint must allege sufficient facts "to state a claim for relief that is plausible on its face."[17] Plaintiff's factual pleadings must "allow[] the court to draw the reasonable inference that the defendant is

---

[10] Doc. 1.
[11] *See* Doc. 15.
[12] *See id.* at ¶¶ 108, 130, 154.
[13] Doc 15.
[14] Doc. 20.
[15] *Id.*
[16] *Cates v. Crystal Clear Techs., LLC*, 874 F.3d 530, 534 (6th Cir. 2017) (quoting *Bikerstaff v. Lucarelli*, 830 F.3d 388, 396 (6th Cir. 2016)).
[17] *See Nikolao v. Lyon*, 875 F.3d 310, 317 (6th Cir. 2017) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

liable for the misconduct alleged."[18] A plaintiff who fails to respond to a motion to dismiss waives her arguments opposing the motion.[19]

### III. Analysis

#### I. Failure to state a claim

Defendant Schill argues that the closing of William Schill's estate stops this case as against Defendant Suzanne Schill. Generally, under Ohio law an estate closure stops claims against the estate.

However, Ohio gives a limited set of circumstances that allow a fiduciary account to be reopened.[20] In general, Ohio R.C. § 2117.06 requires an estate creditor make a written claim against the estate within six months of the decedent's death. If a written claim has been made within six months, Ohio allows the estate to be reopened as to the written claim upon a showing of good cause.[21]

The Amended Complaint does not give sufficient information to allege whether Wadesisi shows good cause to reopen Schill's estate.

However, the Court need not reach the issue of whether Plaintiff can seek or has sought to reopen William Schill's estate. Under R.C. § 2117.06, a creditor of an estate must present their claim in writing to the executor or administrator of an estate within six months after a decedent's death.[22] Otherwise, the creditor's claim is "forever barred" and "no action shall be maintained on the claim, except as otherwise provided in sections

---

[18] *Smith v. Bd. of Trustees Lakeland Cmty. Coll.*, 746 F. Supp. 2d 877, 889 (N.D. Ohio 2010) (quoting *Ashcroft*, 556 U.S. at 663.
[19] *Humphrey v. U.S. Att'y Gen.'s Off.*, 279 F. App'x 328, 331 (6th Cir. 2008) ("[W]here, as here, plaintiff has not raised arguments in the district court by virtue of his failure to oppose defendants' motions to dismiss, the arguments have been waived.")
[20] Ohio Rev. Code Ann. § 2109.35 (West).
[21] Ohio Rev. Code Ann. § 2109.35 (West).
[22] Ohio Rev. Code Ann. § 2117.06(A)(1) (West), Ohio Rev. Code Ann. § 2117.06(C) (West).

Case No.
GWIN, J.

2117.37 to 2117.42 of the Revised Code with reference to contingent claims."[23] This statute "requires strict compliance" with the six-month limitation period.[24]

Plaintiff bears the burden of pleading facts sufficient to show she is entitled to relief.[25] This includes a burden to plead that she presented a written claim against William Schill's estate within the strict six-month limitation period. As the Court noted above, Plaintiff has not pled William Schill's death date. But public records show that William Schill's death certificate was filed with the Lorain County Probate Court on July 21, 2021—more than six months before Plaintiff initiated this suit in March 2022. Plaintiff has failed to show that her claim meets 2117.06's requirements for claims against an estate and can go forward.

### II.  Waiver

Alternatively, the Court finds that Plaintiff fails to state a claim for relief because Plaintiff did not file an opposition to Defendant's motion to dismiss. By waiving her opposition to Defendant's argument that Defendant is not the fiduciary for William Schill's estate, Plaintiff concedes that Defendant Schill is an improper party.

### IV.  Conclusion

The Court **GRANTS** Defendant Shill's motion to dismiss.


IT IS SO ORDERED.


Dated: September 16, 2022                    *s/    James S. Gwin*
                                             JAMES S. GWIN
                                             UNITED STATES DISTRICT JUDGE

---

[23] Ohio Rev. Code Ann. § 2117.06(C).
[24] *Saber Healthcare v. Hudgins*, 2020-Ohio-5603, ¶ 7 (citing *Wilson v. Lawrence*, 150 Ohio St.3d 368, 2017-Ohio-1410, ¶ 14).
[25]

- 5 -